UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COMBS,<br>CDCR #AK-1030,<br><br>                                    Plaintiff,<br><br>vs.<br><br>PUBLIC DEFENDERS OF SAN DIEGO;<br>STAN JONES,<br><br>                                    Defendants. | Civil No.   12cv1308 CAB (JMA)<br><br>**ORDER:**<br><br>**(1) DISMISSING FEDERAL LAW CLAIMS AS FRIVOLOUS AND FOR FAILING TO STATE A CLAIM PURSUANT TO<br>28 U.S.C. § 1915A(b)(1); AND**<br><br>**(2) REMANDING STATE LAW CLAIMS TO SAN DIEGO SUPERIOR COURT** |

On April 16, 2012, Plaintiff, an inmate currently incarcerated at Chuckawalla Valley State Prison located in Blythe, California and proceeding pro se, filed a Complaint in San Diego Superior Court.  Defendants filed a "Notice of Removal" on May 31, 2012.  (ECF No. 1.)

**I.**

**DEFENDANT'S NOTICE OF REMOVAL (ECF No. 1)**

**A.     Legal Standard**

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83,

94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 614 (1868)). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq.* A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th. Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. Under this rule, the federal question must be "presented on the face of plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Defendants seek removal of this action on the grounds that Plaintiff's Complaint arises under 42 U.S.C. § 1983. While Plaintiff has not filed a reply to Defendants' notice of removal, a district court may remand an action sua sponte if it concludes that it lacks jurisdiction. *See Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); FED.R.CIV.P. 12(h)(3) (district court may sua sponte dismiss an action, regardless of whether the plaintiffs are proceeding *in forma pauperis*, if the court concludes that it lacks subject matter jurisdiction).

Here, Plaintiff's Complaint rests on allegations that Defendants violated his constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments. Because Plaintiff's federal claims appears on the face and throughout his Complaint, the Court finds that his cause of action arises under federal law, and thus, is removable. *See* 28 U.S.C. §§ 1331, 1441(b).

///

///

## II.

## Screening Pursuant to 28 U.S.C. §§ 1915A(b)

Now that the Court has found the removal of this action to be proper, the Court will conduct a sua sponte review of Plaintiff's Complaint because he is "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(a), (c). Section 1915A, enacted as part of the Prison Litigation Reform Act ("PLRA"), requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). A similar screening provision of the PLRA would apply to Plaintiff's Complaint even if he elected to initiate this action in federal court and successfully moved to proceed *in forma pauperis* ("IFP"). See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447 (citing *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997)). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Nevertheless, in giving liberal interpretation to a pro se civil rights complaint, the court may not, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff names as a Defendant, Stan Jones, the attorney appointed to represent him during his criminal proceedings. However, a person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant during trial, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Accordingly, Plaintiff's claims against Jones must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915A(b).

Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the alleged ineffectiveness assistance of his trial counsel, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added).  An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction.  *Edwards*, 520 U.S. at 649.

Here, Plaintiff's ineffective assistance of counsel claims against Jones "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration.  *Heck*, 512 U.S. at 487.  Were Plaintiff to succeed in showing that Jones rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction.  *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time).  Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal proceedings in a criminal case, and because he has not alleged that his conviction has already been invalidated, a section 1983 claim for damages has not yet accrued.  *See Heck*, 512 U.S. at 489-90.

Plaintiff also names the San Diego Public Defender's Office as a Defendant in this matter. An agency or department of a municipal entity is not a proper defendant under § 1983.  *Vance v.*

1  *County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996).  Rather, the county or city itself is
2  the proper defendant.  *See Id.*  "[A] municipality cannot be held liable solely because it employs a
3  tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat
4  superior theory."  *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  A
5  municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where the
6  constitutional deprivation was caused by the implementation or execution of "a policy statement,
7  ordinance, regulation, or decision officially adopted and promulgated by that body's officers."
8  *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct.
9  1382, 1388 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).
10      To establish municipal liability, plaintiff must show:  (1) he was deprived of a constitutional
11 right; (2) the city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's
12 constitutional right; and (4) the policy was the "moving force behind the constitutional violation."
13 *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see Board of the County*
14 *Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. at 1388; *Trevino v. Gates*, 99 F.3d 911, 918 (9th
15 Cir. 1996).  Thus, in order to state a § 1983 claim against the County of San Diego, Plaintiff must
16 allege facts showing that his injury was caused by individual officers whose conduct conformed to
17 an official city policy, custom or practice.  *See Karim-Panahi*, 839 F.2d at 624.
18      Therefore, the Court finds that Plaintiff has not stated a § 1983 claim against the County of
19 San Diego because he has failed to allege that any individual police officer's conduct conformed to
20 an official city policy, custom or practice.
21      Finally, Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C.
22 § 1915A(b)(1) because it is duplicative of a Complaint he has already filed in another civil action.
23 Indeed, Plaintiff's Complaint contains identical allegations against the same defendants already
24 brought before and considered by United States District Judge Anello in *Combs v. Pasto, et al.*, S.D.
25 Cal. Civil Case No. 11cv1412 MMA (WVG).  A court "'may take notice of proceedings in other
26 courts, both within and without the federal judicial system, if those proceedings have a direct relation
27 to matters at issue.'"  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v.*
28 *Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Thus, because Plaintiff has already filed the same Complaint he has filed in this action in *Combs v. Pasto, et al.*, S.D. Cal. Civil Case No. 11cv1412 MMA (WVG), the Court hereby DISMISSES S.D. Cal. Civil Case No. 12cv1308 CAB (JMA) pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Rhodes*, 621 F.3d at 1004.

Plaintiff also seeks to bring claims pursuant to California state law against the named Defendants. However, because Plaintiff cannot identity a violation of a federal law, the Court exercises its discretion to dismiss Plaintiff's pendent state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary.") The Court will remand Plaintiff's state law claims to San Diego Superior Court.

## II.

### CONCLUSION AND ORDER

Good cause appearing, IT IS HEREBY ORDERED that:

(1) The federal law claims in Plaintiff's Complaint are DISMISSED for failing to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

(2) The remaining state law claims are REMANDED to San Diego Superior Court.

(3) The Clerk of Court shall close the file.

DATED: June 11, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge